Catharine M. Tolson, Esq. SBN 271223
GOODMAN NEUMAN HAMILTON, LLP
100 Bush Street, Suite 1800
San Francisco, California 94108
Telephone: (415) 705-0400

ctolson@gnhllp.com

Attorneys for plaintiff
GRANGE INSURANCE ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MCCORMICK BARSTOW LLP, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**GRANGE INSURANCE ASSOCIATION'S COMPLAINT FOR LEGAL MALPRACTICE** |

COMES NOW, GRANGE INSURANCE ASSOCIATION ("GRANGE" and/or "Plaintiff"), and alleges as follows:

**PARTIES**

1. Plaintiff GRANGE is now, and at all times mentioned in the Complaint was, an insurance company organized and existing under the laws of the State of Washington, with its principal place of business located at 200 Cedar Street, Seattle, Washington. GRANGE is licensed to do business in the State of California by the California Secretary of State and Department of Insurance.

2. GRANGE is informed and believes, and thereon alleges, that defendant MCCORMICK BARSTOW LLP is, and at all times mentioned in the Complaint was, a law firm, partnership, and/or association of attorneys, and/or limited liability partnership

practicing law in the State of California with its principal place of business at Fresno, California.

3. GRANGE is ignorant of the true names, capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. GRANGE will amend its complaint to allege the true names and capacities of defendants Does 1 to 10 when they have been ascertained. GRANGE is informed and believes that each of the fictitiously named defendants is in some manner responsible for the occurrences, injuries, and damages herein alleged, and that GRANGE's damages were proximately caused by their conduct.

4. GRANGE is informed and believes, and thereon alleges that, at all times mentioned herein, each of the defendants was the duly authorized agent, partner, employee, servant, joint venture, or alter ego of the other defendants, and in doing the things mentioned herein, defendants and each of them, were acting within the purpose and scope of such agency, employment, or servitude, and that each of the defendants, including fictitiously named defendants, is responsible in some manner for the breaches, damages, and other misconduct alleged herein, and that plaintiff's injuries and damages, as hereinafter alleged, were proximately caused by the actions and/or omissions of the defendants and each of them.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332 on the grounds that complete diversity exists between GRANGE and Defendants. GRANGE is a Washington corporation with its principal place of business in Seattle, Washington, and Defendant MCCORMICK BARSTOW LLP is a law firm, partnership, and/or association of attorneys, and/or limited liability partnership practicing law in the State of California, with its principal place of business at Fresno, California. The amount in controversy exceeds the jurisdictional limitations set forth in 28 U.S.C. §1332, as GRANGE seeks recovery of $500,000 it paid to settle the underlying action, in addition to the attorneys' fees and costs it incurred as a result of Defendants' malpractice. Venue is proper pursuant to 28 U.S.C § 1391 in the Eastern

District of California in that the Defendant is subject to personal jurisdiction in this district at the time this action is commenced (28 U.S.C. §1391(c)) and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL RECITALS

6. GRANGE issued Farmpak Policy No. FP 01017174, effective March 26, 2013 through March 26, 2024 to Pitman Farms (the "Primary Policy"), and Farm & Commercial Excess Liability Policy No. UC 7135209472, effective March 26, 2013 through March 26, 2014 to Pitman Farms (the "Excess Policy"). The Primary Policy's limits of liability are $1,000,000 per occurrence, and the Excess Policy's limits of liability are $2,000,000 per occurrence.

7. On August 19, 2015, a Complaint was filed against Defendants Richard J. Pitman, Pitman Family Farms, Inc., and Pitman Farms (collectively, "Pitman"), for bodily injury arising out of Pitman's chicken breeding operation, which exists about a quarter mile from underlying plaintiffs' residence. The Action was styled *John Bairos, et al. v. Richard J. Pitman, et al.,* Fresno County Superior Court, Case No. 15 CE CG 02642 (the "Action").

8. The Action alleged that, in 2013, Pitman's chicken breeding and collection of manure over a period of a year at Pitman's property located at 12680 South Elm Avenue in Fresno, California caused excessive breeding of a fannia fly. There were allegedly swarms of them at underlying plaintiffs' residence. These flies are allegedly known to carry disease. To address the issue, it is alleged that Pitman initially had underlying plaintiffs' premises sprayed with natural oils by a contractor, which apparently had no impact. Pitman was alleged to have then spoken with underlying plaintiffs and offered to spray their home with what was allegedly described as safe chemicals instead. Underlying plaintiffs agreed, and Pitman allegedly proceeded with a chemical spray for several weeks in the summer of 2013.

9. Underlying plaintiffs thereafter discovered that one of the pesticides being applied was Ravap, an organophosphate based spray which is extremely harmful to people and to the development of fetuses *in utero*. Another chemical used was Larvadex, which is

///

also toxic. Underlying plaintiffs alleged the application of pesticides caused severe bodily injury to all underlying plaintiffs, and filed the Action against Pitman.

10. Pitman tendered its defense and indemnity for the Action to GRANGE, and GRANGE retained Tim Sullivan of MCCORMICK BARSTOW LLP to provide a defense to Pitman.

11. On August 29, 2024, GRANGE received a written complaint from Adam Benkoski, Chief Legal Officer of Pitman Farms, expressing concerns about MCCORMICK BARSTOW LLP's mishandling of the case. That correspondence stated, in relevant part:

> ….trial is quickly approaching, and we have numerous and serious concerns that the case is not adequately prepared for trial. Communication and regular updates from your panel counsel, Tim Sullivan, have been difficult. It looks like you and Grange have had the same difficulty, please see attached. Last week I sent a copy service to his office to make a copy of his entire file to determine the actual status of the matter.
>
> We were dismayed to learn that not a single deposition has been taken by Mr. Sullivan, there are no updated medical records, no medical chronology, no *Howell* numbers, no independent medical exams, no discovery summary, etc. etc. Fresno County is a mandatory ADR jurisdiction, but no mediation has occurred.
>
> We had a meeting today with Mr. Sullivan and he informed us that he was working on getting Peyton's school records. He made this exact same representation to you in February of 2023 but a year and a half later it has still not occurred. We also learned that Mr. Sullivan was personally sanctioned for failing to respond to written discovery, a fact which we find horribly embarrassing in such a small community.

12. In September 2024, GRANGE moved the handling of Pitman's defense to Jeff Vucinich of Clapp, Moroney, Vucinich, Beeman & Scheley in response to complaints from personal counsel for Pitman that the defense provided by MCCORMICK BARSTOW LLP to date was incompetent and exposing Pitman to liability. At that time, trial was set for January 27, 2025. Yet, despite the age of the case and the proximity to trial, none of the ten underlying plaintiffs had been deposed, experts had not been retained, and updated subpoena records had not been obtained.

13. After the file had been moved to Clapp Moroney, contact was made with Dr. Al-Khatib, one of the three experts that MCCORMICK BARSTOW LLP had allegedly retained. Dr. Al-Khatib is a pesticides expert. Dr. Al-Khatib advised that he had not had

contact with MCCORMICK BARSTOW LLP since 2016. Around that time, he sent several e-mails requesting updates but never heard back. Dr. Al-Khatib advised that his emails when unanswered through 2022, when he ultimately left a message for Tim Sullivan saying that he was going to destroy the file unless he heard back. After receiving no response, he indeed purged his file. When he was contacted by Clapp Moroney, he therefore had no documentation on this case and indicated that he will need to start from scratch. Amongst other things, this would include a site inspection.

14. Handcuffed by a lack of necessary experts and discovery, Mr. Vucinich attempted to obtain a trial continuance to afford additional time to complete necessary discovery to properly prepare for trial. However, that continuance was denied by the Court.

15. Ultimately, GRANGE had no choice but to resolve the matter for far greater a sum than it would have if the case had been properly handled by Defendants. The Action resolved on November 11, 2024, with payment of $4,100,000 to Plaintiffs. Of that settlement amount, GRANGE paid $3,500,000 ($500,000 over its policy limit) and Pitman contributed $600,000 (the "Settlement").

## FIRST CAUSE OF ACTION

### (Legal Malpractice)

16. GRANGE re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 15 of the Complaint.

17. At all times mentioned herein, Defendants, and each of them, owed an independent duty and obligation to GRANGE to use the reasonable standard of skill, knowledge, and performance of services in connection with the Action. Defendants had a fiduciary duty to GRANGE and a duty to defend the Action by using such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in performing the tasks they undertake. At all times mentioned herein, GRANGE was also an intended beneficiary of Defendants, and it was reasonably foreseeable that GRANGE would rely on Defendants' skill, knowledge, and performance of services in connection with the Action.

18. Defendants, and each of them, failed to fulfill their duties and obligations to GRANGE and failed to exercise reasonable care and skill in undertaking to perform such legal services and advice in connection with the Action. Among other things, Defendants did not perform the appropriate discovery, depositions, or factual investigation, legal research, or other necessary actions to properly defend the Action and protect the interests of GRANGE. On information and belief, as of August 2024, no depositions had been taken by Defendants, there were no updated medical records obtained, no medical chronology prepared, no *Howell* numbers calculated, no independent medical exams conducted, no retention and/or preparation of experts, and no mediation had occurred. Further, Defendants had still not obtained key records from underlying plaintiffs, and had been sanctioned for failing to respond to written discovery. GRANGE had to move defense of the Action to new counsel, who did all they could to rectify the defense before trial. Unfortunately, the damage had been done, a trial continuance was denied, and GRANGE was forced to settle the Action for $3,500,000. The settlement amount was $500,000 more than the $3,000,000 policy limit on the Pitman Policy.

19. Had Defendants exercised proper care and skill in the foregoing matter, GRANGE would not have had to settle the Action for above policy limits or pay as much as it did in attorneys' fees and costs to defend the Action. Upon information and belief, absent Defendants' legal malpractice, the Action would have been settled or otherwise resolved at, or below, the $3,000,000 in policy limits.

20. As a proximate result of such negligence and malpractice, GRANGE has been damaged in a sum to be proven at trial, but at least in the amount of $625,000.00 Additionally, as a further direct and proximate cause of Defendants' legal malpractice, GRANGE incurred attorneys' fees and other recoverable expenses for which GRANGE is seeking recovery.

///

///

///

6

COMPLAINT FOR LEGAL MALPRACTICE                                                    CASE NO.

WHEREFORE, GRANGE prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages in an amount to be proved at trial, including the amounts paid by GRANGE to settle the Action and the attorneys' fees it incurred;

2. Interest as allowed by law;

3. For attorneys' fees and costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

Respectfully submitted,

Dated:   June 9, 2025                           GOODMAN NEUMAN HAMILTON LLP

By: */s/ Catharine M. Tolson*
Catharine M. Tolson, Esq.
Counsel for Plaintiff GRANGE INSURANCE ASSOCIATION

COMPLAINT FOR LEGAL MALPRACTICE                                   CASE NO.