UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MCCORMICK BARSTOW LLP,<br><br>Defendant. | Case No. 1:25-cv-00694-JLT-SKO<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

On June 9, 2025, Plaintiff Grange Insurance Association, a Washington corporation, filed a complaint against Defendant McCormick Barstow LLP, a limited liability partnership, asserting a claim for legal malpractice. (Doc. 1.)

Plaintiff asserts this Court has subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ¶ 5.) The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction."). The Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the proceeding, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are

1   "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"). As described below, Plaintiff's complaint fails to sufficiently plead federal jurisdiction.

Title 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A limited liability partnership (LLP) is a citizen of every state of which its partners are citizens. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); see also

Plaintiff did not allege the citizenship of the partners of Defendant McCormick Barstow LLP. The complaint simply states Defendant "is a law firm, partnership, and/or association of attorneys, and/or limited liability partnership practicing law in the State of California, with its principal place of business at Fresno, California." (Doc. 1 ¶ 5.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Because Plaintiff did not allege the citizenship of the LLP partners, the complaint fails to plead complete diversity to establish jurisdiction under § 1332. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (remanding to district court with instructions to vacate its orders and remand to state court because appellees did not identify the citizenship of each limited liability company member and limited liability partnership partner and, as such, failed to adequately plead complete diversity). Accordingly,

1. Within **fourteen days** of the issuance of this order, Plaintiff **SHALL** show cause in writing why the claims should not be dismissed for lack of subject matter jurisdiction.
2. Alternatively, within **fourteen days**, Plaintiff may either file an amended complaint that contains allegations addressing the Court's jurisdiction and the issues identified in this order or may voluntarily dismiss their claims.

**<u>Failure to comply with this order will result in a recommendation to the assigned district judge that the case be dismissed without prejudice due to lack of jurisdiction.</u>**

IT IS SO ORDERED.

Dated:   **June 10, 2025**                        /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE